O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

#22 / JS-6 (lc)

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-5796 PSG (VBKx) | Date | March 1, 2013 |
|---|---|---|---|
| Title | *Donna Brandon v. National Railroad Passenger Corporation Amtrak, et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **(In Chambers) Order Granting Defendant's Motion for Summary Judgment**

Pending before the Court is Defendant's Motion for Summary Judgment.  Dkt. # 22.  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); L.R. 7-15.  After considering the supporting and opposing papers, the Court GRANTS the motion for summary judgment.

## I.    Background

Plaintiff Donna Brandon ("Plaintiff") worked as a station agent for Defendant Amtrak's ("Defendant") Salinas station from approximately 2003 through 2008.  *See Lawrence Decl.*, Ex. A (Plaintiff's Depo. Tr. at 31:2-6).  Plaintiff was effectively terminated on February 15, 2008. *SUF* 2.  On December 8, 2011, the parties entered into a tolling agreement that tolled the statute of limitations on Plaintiff's claims for unpaid meal premiums, unpaid rest premiums, unreimbursed business expenses, and unfair business practices.  *See Lawrence Decl.*, ¶ 3, Ex. B. On May 11, 2012, over four years after her termination, Plaintiff filed a Complaint against Amtrak.  *See* Dkt. # 1, Ex. A.  The tolling agreement expired when Plaintiff filed her Complaint, *see id.* at ¶ 4; thus, for purposes of the statute of limitations, the "effective" date of Plaintiff's claim is December 8, 2011.  Plaintiff's Complaint alleges violations of California Labor Code § 226.7 for unpaid meal and rest breaks, failure to reimburse business expenses under California Labor Code § 2802, and violations of California's Business & Professions Code §§ 17200, *et seq.  See Compl.* ¶¶ 27-57.  Defendant removed the case to federal court on July 5, 2012.  *See* Dkt. # 1.  Defendant now moves for summary judgment as to all of Plaintiff's claims.  *See* Dkt. #

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#22 / JS-6

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-5796 PSG (VBKx) | Date | March 1, 2013 |
|---|---|---|---|
| Title | *Donna Brandon v. National Railroad Passenger Corporation Amtrak, et al.* | | |

22. Defendant argues that Plaintiff's claims for meal premiums, unpaid rest premiums, and unreimbursed business expenses are barred by the statute of limitations. Because Plaintiff's UCL claim is derivative of these time-barred claims, Defendant argues that Plaintiff can also not maintain a UCL claim. Defendant also argues that Plaintiff's UCL claim has been rendered moot by the payment of restitution to Plaintiff.

II.     Legal Standard

        Federal Rule of Civil Procedure 56(a) establishes that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may move for summary judgment not only as to an entire case, but also as to a claim, defense, or part of a claim or defense. *Id.* The movant bears the initial burden to demonstrate the lack of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies the burden, the nonmovant must set forth specific evidence showing that there remains a genuine issue for trial, and "may not rest upon mere allegation or denials of his pleading." *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986).

        An issue of fact is a genuine and material issue if it cannot be reasonably resolved in favor of either party and may affect the outcome of the suit. *See Anderson*, 477 U.S. at 249-50. A party asserting that a fact cannot be genuinely disputed must support that assertion by citing to "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). A party may object that material cited would not be admissible in evidence. *See id.* 56(c)(2). Admissible declarations or affidavits must be based on personal knowledge, must set forth facts that would be admissible in evidence, and must show that the declarant or affiant is competent to testify on the matters stated. *See id.* 56(c)(4).

III.    Discussion

        A.      Unpaid Meal Periods and Unpaid Rest Periods

        Plaintiff alleges that she was deprived of certain meal breaks and rest periods to which she was entitled, and seeks redress under California Labor Code § 226.7 ("Section 226.7").

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#22 / JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5796 PSG (VBKx) | Date | March 1, 2013 |
|----------|------------------------|------|---------------|
| Title | *Donna Brandon v. National Railroad Passenger Corporation Amtrak, et al.* | | |

Section 226.7 provides that, "[i]f an employer fails to provide an employee a meal period or rest period . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." Cal. Labor Code § 226.7.  A three-year statute of limitations applies to the wages under the statute.  *See Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal.4th 1094, 1102-03, 1114, 1120, 56 Cal. Rptr. 3d 880 (2007) (citing Cal. Code Civ. Proc. § 338, subd. (a)) (holding that relief under section 226.7 is a wage and not a penalty, and therefore the three year statute of limitations applies).  Plaintiff was suspended from Amtrak effective January 31, 2008, and was formally terminated on February 15, 2008.  *Lawrence Decl.*, Ex. A (Plaintiff's Depo. Tr. at 198:19-199:4).  Plaintiff effectively filed a Complaint on December 8, 2011, which is more than three years from the date of her termination.  Accordingly, Plaintiff's claims for deprivation of meal breaks and rest periods are barred by the statute of limitations.

  B.  <u>Unreimbursed Business Expenses</u>

  Plaintiff also brings a claim for unreimbursed business expenses under California Labor Code § 2802.  Under California Labor Code § 2802:

>  [a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

Cal. Labor Code § 2802(a).  The statute of limitations under California Labor Code § 2802 is also three years because unreimbursed business expenses are not considered a penalty, but rather are considered restitution.  *See Ordonez v. Radio Shack*, No. CV 10-7060 CAS (MANx), 2011 WL 499279, at *6 (C.D. Cal. Feb. 7, 2011); Cal. Code Civ. Proc. § 338, subd. (a).  Accordingly, because any claims regarding reimbursement of business expenses predate the termination of Plaintiff's employment, they are barred by the statute of limitations.  Because the action is barred by the statute of limitations, the Court need not address the merits of the claim.

  C.  <u>Violation of California Business & Professions Code §§ 17200, *et seq.*</u>

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#22 / JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-5796 PSG (VBKx) | Date | March 1, 2013 |
|---|---|---|---|
| Title | *Donna Brandon v. National Railroad Passenger Corporation Amtrak, et al.* | | |

Plaintiff also asserts a claim under the Unfair Competition Law ("UCL"). The UCL prohibits "unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising," as well as any act prohibited by California's false advertising statute. *See Ariz. Cartridge Remanufacturers Ass'n v. Lexmark Int'l, Inc.*, 421 F.3d 981, 985 (9th Cir. 2005) (*quoting* Cal. Bus. & Prof. Code § 17200). Plaintiff asserts a violation of the "unlawful" and "unfair" prongs.

An "unlawful" business practice under § 17200 is any business practice that is prohibited by federal, state, or local law, whether "civil or criminal, statutory or judicially made." *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1474, 49 Cal. Rptr. 3d 227 (2006) (citations omitted). A business practice is "unfair" under § 17200 "if it violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *Id.* at 1473. Finally, a "fraudulent" business practice under § 17200 is "one which is likely to deceive the public," and "may be based on representations to the public which are untrue, and also those which may be accurate on some level, but will nonetheless tend to mislead or deceive." *Id.* at 1471 (internal quotation marks omitted).

Unlike California Labor Code §§ 226.7 and 2802, the UCL has a statute of limitations of four years, so it is not immediately barred by the statute of limitations. *See* Cal. Bus. & Prof. Code §§ 17203, 17208 (any money or property acquired by means of unfair competition is recoverable as restitution up to four years after the claim accrued); *see Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 179, 96 Cal. Rptr. 2d 518 (2000) ("*Any* action on *any* UCL cause of action is subject to the four-year period of limitations created by that section.").

Under the UCL, wages are recoverable, and courts favor UCL suits over claims under statutes with shorter statutes of limitations. *See, e.g., Cortez,* 23 Cal.4th at 173 (permitting a party to bring a claim for unpaid wages under Cal. Bus. & Prof. Code §§ 17200 *et seq.* as a restitutionary claim with a four-year statute of limitations rather than bringing a claim for damages under a statute with a shorter statute of limitations).

However, Plaintiff's claim is moot because Defendant has already tendered $5,000 to Plaintiff and there is no meaningful relief that the Court can afford Plaintiff. A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (citation omitted). A court can only award injunctive relief and restitution under the UCL. *See Walker v.*

**O**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**#22 / JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-5796 PSG (VBKx) | Date | March 1, 2013 |
|---|---|---|---|
| Title | *Donna Brandon v. National Railroad Passenger Corporation Amtrak, et al.* | | |

*Countrywide Home Loans, Inc.*, 121 Cal. Rptr. 2d 79, 94, 98 Cal. App. 4th 1158 (2002) ("The unfair competition law does not provide for attorney fees, and relief is generally limited to injunctive relief and restitution."). The Court agrees with Defendant that Plaintiff lacks standing to pursue a claim for injunctive relief. *See Milligan v. Am. Airlines, Inc.*, 327 F. App'x 694, 696 (9th Cir. 2009) (citation omitted) ("[Plaintiff] is not [a current] employee. She therefore cannot show that she faces a 'real or immediate threat of irreparable injury' by [defendant's] employment practices. The fact that [plaintiff] brought a class-action claim does not alter this analysis.").

As to Plaintiff's claims for restitution, Plaintiff seeks restitution for unpaid meal and rest periods and unreimbursed business expenses. These expenses are restitutionary and therefore recoverable under the UCL. *See Ordonez,* 2011 WL 499279, at *6 ("The Court further concludes that the UCL claim may be maintained to the extent it is predicated on plaintiff's claim under Sections 221 and 2802."); *Woo v. Home Loan Group, L.P.,* No. 07-CV-0202-H (POR), 2007 WL 6624925 at *4 (S.D. Cal. July 27, 2007) ("Accordingly, the Court denies [defendants'] motion to dismiss Plaintiff's section 17200 claim based on the argument that unreimbursed business related expenses and improper deductions are unavailable as restitution under sections 17200 and 17203 of California's Labor Code."); *Tomlinson v. Indymac Bank, F.S.B.,* 359 F. Supp. 2d.891, 896–97 (C.D. Cal. 2005) (finding that unpaid missed meal periods are wages recoverable under the UCL).

However, there is no meaningful relief that this Court can provide to Plaintiff because Defendant has tendered $5,000 as restitution for the claimed failure to provide meal and rest breaks, failure to reimburse Plaintiff for business expenses, and for attorneys' fees and costs. *See Miller Decl.*, ¶ 4, Exs. B, C. This amount exceeds the damages estimated by Plaintiff in her initial disclosures, $2,278.14. *See Lawrence Decl.,* Ex. A (Plaintiff's Depo. 258:21-24, Ex. 27). While Plaintiff contends that the amount stated in her initial disclosures was merely an "estimate," she has failed to present any evidence suggesting that there is a material issue of fact as to whether her claims for restitution would exceed $5,000.

The Ninth Circuit has found that a claim becomes moot where "an opposing party has agreed to everything the other party has demanded." *GCB Commc'ns, Inc. v. U.S. S. Commc'ns, Inc.,* 650 F.3d 1257, 1267 (9th Cir. 2011) (citation omitted). In addition, "[w]hen a defendant offers to make plaintiffs whole, '[t]hat tender end[s] any dispute over restitution . . . .'" *Vavak v.*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#22 / JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5796 PSG (VBKx) | Date | March 1, 2013 |
|---|---|---|---|
| Title | *Donna Brandon v. National Railroad Passenger Corporation Amtrak, et al.* | | |

*Abbott Labs., Inc.,* No. SACV 10–1995 JVS (RZx), slip op. at *5 (C.D. Cal. June 17, 2011) (citation omitted); *see also Gates v. City of Chicago,* 623 F.3d 389, 413 (7th Cir. 2010).

In *Gates*, plaintiffs were arrested by police officers. *Id.* at 391. At the time of their arrest, plaintiffs were carrying a small amount of cash. *Id.* The police officers confiscated the cash and the plaintiffs unsuccessfully sought the return of their money and challenged the city's policies governing the return of seized funds. *Id.* After plaintiffs filed suit, the General Counsel to the Superintendent of Police sent checks in the amount confiscated to plaintiffs' attorney. *Id.* at 393. Plaintiffs' attorney returned the check. *Id.* When plaintiffs sought to certify a restitution class, the Court explained that where the property had already been returned to plaintiffs, the tender ended any dispute over restitution. *Id.* This was true even though the plaintiffs had refused the tender. *Id.* Thus, because here Defendants have tendered the amount sought by Plaintiff, she can no longer state a claim for restitution.

Plaintiff contends that the tender did not end the dispute over restitution because she did not cash the check. However, a plaintiff cannot revive a moot claim simply by refusing tender. *See Gates*, 623 F.3d at 413; *Holstein v. City of Chicago,* 29 F.3d 1145, 1147 (7th Cir. 1994). Further, the fact that Plaintiff seeks to certify a restitution class does not change the analysis because she did not move to certify the class before her personal stake in the action had evaporated. *Holstein*, 29 F.3d at 1147 ("Here, [plaintiff] cannot claim the benefit of this exception to the mootness doctrine because the district court did not certify the class; indeed, [plaintiff] did not even move for class certification prior to the evaporation of his personal stake. [Plaintiff], then, cannot avail himself of the class action exception to the mootness doctrine."). Moreover, the Court notes that the deadline for class certification has passed and the parties did not stipulate to an extension of the certification deadline. *See* L.R. 23-3 ("Within 90 days after service of a pleading purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995, P.L. 104-67, 15 U.S.C. § 772-1 et seq., the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court."). The Complaint was filed on May 11, 2012 and removed on July 5, 2012. *See NOR*, Ex. A. Accordingly, the deadline for the filing of a motion for certification has long since passed.[1]

---

[1] The parties stipulated to an April 15, 2013 class certification deadline in their Rule 26(f) report, but this stipulation was never approved by the Court. *See* Dkts. # 11, 12.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#22 / JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-5796 PSG (VBKx) | Date | March 1, 2013 |
|----------|------------------------|------|---------------|
| Title | *Donna Brandon v. National Railroad Passenger Corporation Amtrak, et al.* | | |

Plaintiff also argues that the Ninth Circuit has determined that a settlement offer does not render claims moot.  *Opp.* 19:14-20:16 (citing *Pitts v. Terrible Herbst, Inc.*, 653 F. 3d 1081, 1091-92 (9th Cir. 2011); *Gomez v. Campbell-Ewald Co.*, 805 F. Supp. 2d 923, 931 (C.D. Cal. 2011)).  These cases are inapplicable because they involve Rule 68 judgments.  Furthermore, even assuming *arguendo* that a Rule 68 judgment was at issue here, the case is inapposite because the deadline for class certification has passed.  The Ninth Circuit held that where a Rule 68 judgment has been provided, "[i]f the named plaintiff can still file a timely motion for class certification, the named plaintiff may continue to represent the class until the district court decides the class certification issue."  *Pitts,* 653 F.3d at 1092.   Here, however, Plaintiff cannot file a timely motion for class certification because the deadline for class certification has passed and the parties did not stipulate to an extension of the certification deadline.  *See* L.R. 23-3.

Thus, because Plaintiff has no standing to seek injunctive relief and the issue of whether Plaintiff should be awarded restitution is moot, Defendant's Motion for Summary Judgment is GRANTED as to Plaintiff's UCL claim.

IV.   <u>Conclusion</u>

Based on the foregoing, Defendant's Motion for Summary Judgment is:

- GRANTED as to Defendant's Motion for Summary Judgment for Plaintiff's claim for violation of California Labor Code § 226.7;
- GRANTED as to Defendant's Motion for Summary Judgment for Plaintiff's claim for violation of California Labor Code § 2802;
- GRANTED as to Defendant's Motion for Summary Judgment for Plaintiff's UCL claim.

**IT IS SO ORDERED.**